The right to direct a railroad to give signals at railroad crossings of highways under section 33 of the General Railroad Act (Chap. 565 of 1890) applies where the railroad crosses the highway at some two feet below grade.

APPEAL by the Long Island Railroad Company from an order of the County Court of Suffolk county, entered in the office of the clerk of the county of Suffolk on the 14th day of August, 1893, directing said company to station a flagman at the intersection of its railroad with Second avenue, and to erect and maintain in good order an electric signal bell at the intersection of its railroad with Fifth avenue in the village of Bay Shore in the town of Islip.

The highway commissioners of the town of Islip presented a petition to the County Court of Suffolk county, which alleged that a request, in writing, had been presented to the superintendent and to the president of the Long Island Railroad Company, asking them to station flagmen or to erect gates at specified railroad crossings, which crossed certain highways in the town of Islip at grade; that the railroad company had neglected and refused to comply with such request in any particular, although ample time had elapsed for them to do so, and that great danger was threatened to life and property through the failure of the company to comply with such request. The relief asked was for an order directing the Long Island Railroad Company to station flagmen at all of such crossings, or to erect gates thereat, and to place a person at each gate to open and close the same, when an engine or train should pass, or for such order as should seem proper to the court.

The answer of the Long Island Railroad Company denied that great danger was threatened to life and property through its failure to comply with the requests of the petitioners, and alleged that there was no necessity for flagmen or gates at such crossings, and that travelers on the highways approaching its tracks at such crossings could observe the approach of trains by the exercise of due care, and that there was no necessity for additional safeguards at such points.

*William J. Kelly*, for the Long Island Railroad Company, appellant.

*Timothy M. Griffing*, for the petitioners, respondents.

BARNARD, P. J.:

The County Court of Suffolk county made an order upon the application of the commissioners of highways of Islip, Suffolk county, that the Long Island railroad station a flagman at the intersection of their road with Second avenue, Bay Shore, and that they erect and maintain a signal electric bell at the intersection of the railroad with Fifth avenue in this village. The proof shows that as to the Fifth avenue crossing, the first sight of the railroad train coming from the west by a highway traveler coming from the north is about eighty or ninety feet from the track. North of the track

there are maple trees. There are buildings on Fifth avenue on three of the corners made by the railroad intersection with the avenue. There is a curve in the railroad track. The track is sunken some two feet. There is a high board fence near the crossing. One witness testifies that the prevailing condition at the crossing " obstructs the view entirely." The trains in summer pass at a high rate of speed and about 300 vehicles a day cross the track at this point. There is no proof returned as to the crossing at Second avenue. The right to the order in both cases is assailed upon the ground that the railroad company is ordered to give signals at railroad crossings of highways on grade. Such a view cannot be upheld. By section 33 of chapter 565 of the Laws of 1890, the Legislature intended to provide for further security to the public traveler upon highways, as against railroad crossings then at grade, in cases of peculiar danger. The section providing for signals in all cases was a general rule, but in peculiar cases of danger additional security should be afforded by the railroad. This was to be secured by application by those whose duty it was to keep the highways safe and upon notice to the railroad. If the appellant's view is right section 33 is nugatory.

The order should be affirmed, with costs and disbursements on each appeal.

PRATT and DYKMAN, JJ., concurred.

Order affirmed, with costs and disbursements.